# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50548
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO SALAZAR-PORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:17-CR-234-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Armando Salazar-Porras was convicted of one count of aiding and abetting possession of marijuana with intent to distribute and sentenced to serve a within-guidelines sentence of 60 months in prison and a four-year term of supervised release. Now, he argues that his conviction should be vacated due to the Government's failure to timely disclose a statement given by one of his codefendants. Insofar as he argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred by denying his motion for a mistrial, we decline to consider this claim because it was neither presented in his opening brief nor raised in the Government's brief but rather is raised for the first time in his reply brief. *See United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009).

When, as here, this court is presented with a claim that evidence was disclosed too late, the pertinent query is whether the defendant was prejudiced. *United States v. Swenson*, 894 F.3d 677, 683 (5th Cir. 683 (5th Cir.), *cert. denied*, 139 S. Ct. 469 (2018). Prejudice is established through a showing that the disputed "evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *United States v. Valas*, 822 F.3d 228, 237 (5th Cir. 2016) (internal quotation marks and citation omitted). Speculation does not suffice to show prejudice. *Swenson*, 894 F.3d at 683. When the disputed evidence is given to the defense in time for it to be used at trial, the conviction will not be reversed just because the evidence was not disclosed sooner. *Id.*

Application of these principles to Salazar-Porras's claim shows that it is unavailing. Although the record is unclear as to precisely when defense counsel received the statement, the record nonetheless shows that she had this item during trial and thus could have used it. Additionally, his claims as to the potential effect of this statement amount to no more than speculation and do not suffice to show that he should receive relief. *See id.*

AFFIRMED.